**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**


| | | |
|---|---|---|
| JODIE L. PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3277-SSA-CV-S-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Jodie L. Price seeks judicial review[1] of a final administrative decision denying Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Section 1631(c) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on July 24, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Statement of Facts

Plaintiff was born in February of 1966 and was 32 years old on the date of her alleged onset of disability. Plaintiff has a limited education and is able to communicate in English. Plaintiff has past relevant work as a nurse's aide. On September 5, 2008, plaintiff filed a Title XVI application for SSI. The claim was denied initially on October 28, 2008. Thereafter, plaintiff filed a written request for a hearing, which was held on March 19, 2010. A supplemental hearing was held on June 22, 2010. On July 22, 2010, the Administrative Law Judge (ALJ) issued a decision, finding that plaintiff has not been under a disability as defined in the Social Security Act. The Appeals Council denied plaintiff's request for review on June 10,

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

2011.  Therefore, the July 22, 2010 decision of the ALJ stands as the final decision of the Commissioner.

## Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.  As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 297 F.2d at 221.

## Discussion

Here, the ALJ found that plaintiff has not engaged in substantial gainful activity since September 5, 2008, the date of plaintiff's application.  (Tr. at 12.)  The ALJ found that plaintiff has the following severe impairments:  left shoulder tendonitis/bursitis; chronic obstructive pulmonary disease; disorder of the knee (recurrent dislocation of the patella); bursitis of the hip;

degenerative disc disease of the lumbar spine; history of plantar fasciitis; borderline intellectual functioning; mood disorder; hypertension and alcohol abuse. The ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 13.)

After consideration of the entire record, the ALJ determined that plaintiff has the following residual functional capacity (RFC): can lift and carry up to 10 pounds; can sit 6 hours total during an 8-hour work day and 1 hour at a time; can stand and walk 2 hours total during an 8-hour work day and 30 minutes at a time; can frequently reach, handle, finger, feel, push and pull with the right upper extremity; with respect to the left extremity, can frequently handle, finger and feel, and can frequently reach to a surface located directly in front of her without fully extending the arm; is limited to occasional full extension of the left arm; can occasionally operate foot controls, balance, stoop, kneel, crouch, crawl and climb ramps and stairs, but cannot climb ladders or scaffolds; is limited to work involving only occasional exposure to unprotected heights or moving mechanical parts; cannot perform work involving close personal interaction with co-workers or involving any interaction with the public; can maintain the level of attention required for routine/repetitive tasks, but cannot sustain a high level of concentration or sustain precision or attention to detail; and cannot perform high stress work involving fast-paced activity, explicit production quotas, deadlines or schedules, or frequently changing work settings. (Tr. at 13-14.) Based on the testimony of a vocational expert, the ALJ determined that plaintiff is unable to perform her past relevant work as a nurse's aide. (Tr. at 18.) The vocational expert testified that a significant number of jobs exists in the national economy that plaintiff can perform despite her impairments. (Tr. at 18-19.) Based on this evidence, the ALJ found that plaintiff has not been under disability since September 5, 2008, the date of her application. (Tr. at 19.)

Plaintiff alleges the ALJ erred in determining plaintiff's RFC by failing to provide more restrictive limitations with regard to the use of her left arm. In challenging the RFC determination, plaintiff alleges the ALJ's decision is (1) inconsistent with the medical evidence and (2) unsupported by adequate narrative discussion.

The Commissioner has responded in opposition, arguing that (1) substantial evidence supports the ALJ's RFC determination and (2) testimony of the vocational expert that plaintiff can perform other jobs is substantial evidence supporting the ALJ's decision.

Upon review of the arguments presented by the parties in their briefs and at the hearing, this Court finds that the decision of the ALJ is supported by substantial evidence in the record as a whole. First, the ALJ properly determined plaintiff's RFC based upon the overall record evidence as a whole, and such determination was consistent with the Commissioner's regulations and policy. See SSR 96-8p. The ALJ properly evaluated the medical opinion evidence, medical treatment history, and plaintiff's subjective complaints. In assessing the medical opinion evidence, the ALJ noted that both Dr. Corsolini and Dr. Zeimet failed to indicate that plaintiff was limited in reaching a surface directly in front of her without full extension of the left arm. Additionally, the ALJ properly rejected Dr. Zeimet's opinion that plaintiff was limited to a 6-hour work day given that it was inconsistent with the overall record as a whole and based on plaintiff's subjective complaints. See Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007).

In regard to plaintiff's medical treatment history, the ALJ found that the medical records did not support a finding of disability. Plaintiff has received little medical treatment, and imaging studies and physical examinations did not reveal any condition that would produce the alleged disabling symptoms. As to plaintiff's subjective complaints, the ALJ noted evidence that plaintiff may have been exaggerating her symptoms. Subjective complaints may be discounted when they are inconsistent with medical reports, daily activities, or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).

Finally, the ALJ properly relied on vocational expert testimony that plaintiff can perform a substantial number of jobs that exist in the national economy. The hypothetical question posed to the vocational expert was proper because it included only those impairments and restrictions the ALJ deemed credible. See Howe v. Astrue, 499 F.3d 835, 842 (8th Cir. 2007).

### Conclusion

For the reasons set forth above, this Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 4th day of August, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge